

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DAEVON BARKSDALE
    Vs.                                        C.A. No.    2006 CA 003468 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

### INITIAL ORDER

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                          Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date: May 5, 2006
Initial Conference: 9:15 am, Friday, August 25, 2006
Location: Courtroom 219
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001



FILED
JUN - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Daevon Barksdale, a minor, by his
father and next friend,
Leonard Parker

              *Plaintiff*

vs.

Washington Metropolitan Area
Transit Authority

              *Defendant*

Civil Action No. 0003468-06

## SUMMONS

To the above named Defendant: Washington Metropolitan Area Transit Authority SERVE: General Council, Carol Okeeffe, 600 5th Street, N.W., 2nd Floor, Washington, D.C. 20001

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Hubert M. Schlosberg, Esq.
Name of Plaintiff's Attorney

2000 Massachusetts Ave., N.W.
Address
Washington, D.C. 20036 Third Floor

202-483-3500
Telephone

*Clerk of the Court*

By _____
      Deputy Clerk

Date 5-5-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

Form CV(6)-456/Mar. 01

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

Daevon Barksdale, a minor, by his father and
next friend, Leonard Parker
1239 Rock Creek Ford Road, N.W.
Washington, D.C. 20011

RECEIVED
Civil Clerk's Office
MAY 05 2006
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff,

vs.

Washington Metropolitan Area Transit
Authority
600 5th Street, N.W.
Washington, D.C. 20001

SERVE:

Carol Okeeffe
General Council
600 5th Street, N.W.
2nd Floor
Washington, D.C. 20001

Defendant,

0003468-06

Civil Action No.:

## COMPLAINT
(Negligence)

1) This Court has jurisdiction pursuant to Section 11-921 of the Code of the District of Columbia.

2) Plaintiff is a resident of the District of Columbia and resides at the captioned address in the District of Columbia.

3) The Defendant Corporation is actively doing business in the District of Columbia.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3500

1

4) On or about Friday June 16, 2000 the Defendant was the operator, owner and manager of the Washington Metropolitan Transportation System throughout the area including the Minnesota Avenue Metro Station to which the general public was invited.

5) At the same time and place, the infant Plaintiff, accompanied by his mother and older sister were passenger/ business invitees at the Minnesota Avenue Station, which was under the control of the Defendant and in response to the Defendant's invitation.

6) At the aforesaid time and place, the Defendant, through its Agents, Servants and/or Employees during the course of their employment and while under the supervision and control of the Defendant, did negligently and recklessly allow and/or cause a large accumulation of rain water or liquid substance to remain on the station floor immediately in front of the escalator for a long period of time thereby creating a hazardous and extremely dangerous condition with no adequate warning to the infant Plaintiff or his mother who accompanied him. While exercising due care and without any negligence on the part of the infant Plaintiff or his mother, the infant Plaintiff slipped and fell onto the moving escalator steps/stairs which caused his right hand and fingers to be caught and mangled in such a manner as to cause great pain and permanent injury, all of which was proximately caused by the negligence of the Defendant and its Employees, Agents and/or Servants.

7) As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant and its employees acting within the scope of their duties, the infant

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3500

2

Plaintiff suffered, among other things, numerous and permanent injuries including, inter alia, multiple right second, third and fourth finger deep and superficial flexor tendon injuries and third and fourth digital nerve injuries, non displaced fracture of the proximal middle phalanx of the third finger and open joint injury of metacarpophalangeal joint and proximal interphalangeal joint of the index finger. In addition to the aforesaid physical injuries, the infant Plaintiff suffered, among other things, but not limited thereto, numerous and permanent psychological injuries including posttraumatic stress disorder, severe anxiety, nervousness and mental anguish, bruises and contusions about his body and limbs, and loss of blood. The aforesaid permanent injuries have compromised his lifestyle and severely limited his ability to participate in various sports and other activities which would have been otherwise available to him.

8) As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, its Agents and Employees, the infant Plaintiff will suffer future monetary and non-monetary losses including, but not limited to, expenses for medical, psychological, occupational and other therapies, employment opportunities as well as other allied and additional losses which he may reasonably expect to incur in the future.

WHEREFORE, the minor Plaintiff prays this honorable court for judgment against the Defendant in the amount of Nine Hundred Thousand ($900,000.00) Dollars plus allowable court costs, disbursements and for such other relief as the case may require.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3500

3

Respectfully submitted,

_____
Hubert M. Schlosberg - #28290
Richard Johns - #470103
**Attorney(s) for Plaintiffs**
2000 Massachusetts Ave., N.W.
Third Floor
Washington, D.C. 20036
(202) 483-3500

## JURY DEMAND

Plaintiff demands trial by a jury.

_____
Hubert M. Schlosberg, Esq.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3500

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

DAEVON BARKSDALE, a minor, by his       :
father and next friend, Leonard Parker  :
1239 Rock Creek Ford Road, N.W.         :
Washington, DC 20011                    :
                                        :
            Plaintiff,                  :
                                        :
v.                                      :       Civil No. 06CA3468
                                        :       Calendar 5
WASHINGTON METROPOLITAN AREA            :       Judge Terrell
    TRANSIT AUTHORITY                   :       Next Event: Initial Conference
600 Fifth Street, N.W.                  :       8/25/06 @ 9:15 a.m.
Washington, DC 20001                    :
                                        :
            Defendant.                  :

## ANSWER OF DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

Comes now defendant Washington Metropolitan Area Transit Authority ("WMATA") and answers the Complaint herein as follows:

1. WMATA denies that this Court has jurisdiction pursuant to D.C. Code §11-921 as alleged in Paragraph 2 of the Complaint, but admits that this Court has jurisdiction pursuant to D.C. Code §§ 9-1107.01(81) and 9-1107.10.

2. WMATA is without knowledge and information sufficient to form a belief as to where plaintiff is a resident as set forth in paragraph 2 of the Complaint.

3. WMATA admits that it is an interstate governmental agency of the District of Columbia, Maryland and Virginia created by interstate compact and that it operated the Minnesota Avenue Metrorail Station on June 16, 2000.

4. WMATA admits the allegations of paragraph 4 of the Complaint.

5. WMATA is without knowledge and information sufficient to form a belief as to where plaintiff is a resident as set forth in paragraph 5 of the Complaint, and therefore this allegation is denied.

6. WMATA denies the allegations of paragraph 6 of the Complaint.

7. WMATA denies the allegations of paragraph 7 of the Complaint.

8. WMATA denies the allegations of paragraph 8 of the Complaint.

Further answering the Complaint, WMATA denies all allegations of negligence and further denies all allegations not specifically admitted or otherwise answered.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The injuries, losses and damages, if any, suffered by the plaintiff, are the result of his sole and/or contributory negligence.

## THIRD DEFENSE

The injuries, losses and damages, if any, suffered by the plaintiff, are the result of his voluntary assumption of the risk.

## FOURTH DEFENSE

Should discovery provide a basis, WMATA reserves the right to argue that the alleged incident was caused by a person or party other than WMATA or its employees.

## FIFTH DEFENSE

Some or all of plaintiff's claims are barred by WMATA's immunity under Section 80 of the WMATA Compact.

WHEREFORE, defendant WMATA moves that this case be dismissed, that WMATA be awarded the costs of this litigation, and that plaintiff take nothing on the Complaint.

Respectfully submitted,

DEFENDANT WMATA

Carol O'Keeffe, #445277
General Counsel

Mark F. Sullivan, #430876
Deputy General Counsel


Karen Kohn Fineblum #452800
Assistant General Counsel
WMATA - 600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2559

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer of Defendant Washington Metropolitan Area Transit Authority** was mailed first class, postage prepaid, this 31st day of May, 2006 to:

Hubert M. Schlosberg, Esq.
Richard Johns, Esq.
2000 Massachusetts Avenue, NW
Third Floor
Washington, DC 20036

*Karen K Fineblum*
Karen Kohn Fineblum