# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 24, 2007     Decided January 18, 2008

No. 06-7193

DAEVON BARKSDALE,
APPELLEE

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 06cv01059)

---

*Bruce P. Heppen* argued the cause for appellant. With him on the briefs were *Carol B. O'Keeffe*, *Mark F. Sullivan*, and *Frederic H. Schuster*.

*Richard F. Johns*, *pro hac vice*, argued the cause for appellee. With him on the brief was *Hubert M. Schlosberg*.

Before: GINSBURG, *Chief Judge,* GARLAND, *Circuit Judge,* and EDWARDS, *Senior Circuit Judge.*

Opinion for the Court filed by *Chief Judge* GINSBURG.

2

GINSBURG, *Chief Judge*: The Washington Metropolitan Area Transit Authority (WMATA) appeals an order of the district court remanding this case back to the Superior Court of the District of Columbia, from which it had been removed at the instance of WMATA. We have jurisdiction to hear WMATA's appeal pursuant to 28 U.S.C. § 1291. We hold the district court lacked the power to remand this case, and we return it to the district court for further proceedings.

I. Background

Created by an Interstate Compact, WMATA operates the mass transit system serving the District of Columbia and contiguous suburban areas of Maryland and Virginia. Pub. L. No. 89-774, 80 Stat. 1324 (1966) (codified at D.C. Code § 9-1107.01). Barksdale claims he was injured as a result of WMATA's negligence while riding an escalator in a WMATA subway station.

Barksdale filed his claim in the Superior Court of the District of Columbia, from which WMATA removed it to the district court pursuant to section 81 of the Compact, which provides:

> The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia, and the District of Columbia, of all actions brought by or against [WMATA] .... Any such action initiated in a State or District of Columbia court shall be removable to the appropriate United States District Court in the manner provided by 28 U.S.C. § 1446.

3

D.C. Code § 9-1107.01. Barksdale's counsel, claiming he was not admitted to the bar of the district court and lacked the technology needed to comply with the district court's mandatory electronic case filing procedures, asked the district court to remand the case to Superior Court.[*] The district court obliged and WMATA then appealed the remand order.

## II. Analysis

WMATA contends the district court had no power to remand this case or, if it had, then it abused that power. Before reaching the merits of WMATA's case, we address Barksdale's objection that we do not have jurisdiction to hear this appeal. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996) ("We first consider whether the Court of Appeals had jurisdiction to hear Allstate's appeal" of the district court order remanding the case to state court).

A. Appellate Jurisdiction

Barksdale contends we lack jurisdiction under 28 U.S.C. § 1291 because the remand order is not a "final" order and, in any event, 28 U.S.C. § 1447(d) specifically bars review of "[a]n order remanding the case to the State court from which it was removed." We hold that neither statute bars the present appeal.

Generally, this court has jurisdiction to review an order of the district court only if it is a final order. 28 U.S.C. § 1291. Obviously, the order remanding this case to Superior Court did

---

[*] As it turns out, counsel was a member of the district court bar and Superior Court also requires electronic filing.

4

not terminate the case, but it is nonetheless a final order for purposes of § 1291 under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949). As the Supreme Court has explained that doctrine, an order is final and reviewable if it "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [will] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quotation marks omitted) (bracketed numbers in original).

Barksdale argues the collateral order doctrine does not apply to the present remand order because "the issue presented in this case is not one of a serious and unsettled nature ..., WMATA routinely litigates these types of matters in the Superior Court ..., [and] the District Court's decision to remand was merely an exercise of discretion." This argument is foreclosed by *Quackenbush*. There the Supreme Court held that a remand order (issued in that case pursuant to the doctrine of *Burford* abstention) was a collateral order appealable pursuant to § 1291. The Court explained that the remand order

> puts the litigants in this case effectively out of court[;] ... conclusively determines an issue that is separate from the merits, namely, the question whether the federal court should decline to exercise its jurisdiction in the interest of comity and federalism[;] ... [addresses the right to litigate in federal court, which is] sufficiently important to warrant an immediate appeal[;] ... [and] will not be subsumed in any other appealable order entered by the District Court.

*Quackenbush*, 517 U.S. at 714. In all four of those respects, the remand order at issue here is indistinguishable from the remand

5

order at issue in *Quackenbush*. We conclude, therefore, we have jurisdiction to hear this appeal under § 1291.

Barksdale contends further that, even if the remand order would otherwise be appealable as far as § 1291 is concerned, review of the present order is nonetheless barred by 28 U.S.C. § 1447(d). That section provides in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

The Supreme Court has held § 1447(d) bars review "only [of] remand orders issued under § 1447(c) and invoking the [mandatory] grounds specified therein," *Osborn v. Haley*, 127 S. Ct. 881, 893 (2007) (second alteration in original), namely, "a defect in removal procedure or lack of subject matter jurisdiction," *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2153 (2006). This is not such a case; Barksdale did not advance and the district court did not purport to act upon either of the grounds specified in § 1447(c). Rather, the district court purported to exercise its discretion in remanding this case for the convenience of Barksdale's counsel. This case is thus like *Thermtron Products, Inc. v. Hermansdorfer*, in which the Supreme Court held § 1447(d) did not bar review of an order of remand based upon "the District Court's heavy docket," which the district court thought "would unjustly delay" the trial. 423 U.S. 336, 344-46, 352 (1976). Hence, we hold § 1447(d) does not bar the present appeal, and we turn to the merits of the remand order under review.

B. District Court Authority

WMATA advances two arguments that the district court erred by remanding this case to Superior Court: First, the court

6

was not authorized to remand a case on the ground that Superior Court would be a more congenial forum for Barksdale's counsel; second, section 81 of the Compact grants WMATA "unreviewable discretion to proceed in a federal forum," as a result of which "the federal courts are without authority to remand a case to state court over WMATA's objections." We do not reach WMATA's second point because we agree with its first point – although not with all its analysis; the district court simply does not have the power to remand a case to a state or D.C. court for the convenience of counsel.

WMATA, quoting *Thermtron*, 423 U.S. at 342, argues that a "case removed under § 1441 'may be remanded only in accordance with § 1447.'" Because § 1447 recognizes only procedural defect and lack of subject matter jurisdiction as grounds for remand and, the argument goes, neither ground was applicable in this case, the remand was improper.

*Thermtron*'s reading of § 1447 is not by itself dispositive, however, of the district court's authority. Subsequent decisions of the Supreme Court establish that a district court also may remand a case on certain grounds not expressly authorized by the statute. In *Carnegie-Mellon University v. Cohill*, the Court held "when a [district] court has discretionary jurisdiction over a removed [pendant] state-law claim and the court chooses not to exercise its jurisdiction, remand is an appropriate alternative" to dismissal because it would not make sense to bar, and neither § 1447 nor any other statute expressly bars, a district court from remanding a claim on a ground upon which it might instead have dismissed the claim. 484 U.S. 343, 353-57 (1988) (explaining the district court in *Thermtron* "could not properly have eliminated the case from its docket, whether by a remand or by a dismissal. ... [A]n entirely different situation is presented

7

when the district court has clear power to decline to exercise jurisdiction."). Similarly, in *Quackenbush* the Court held a district court may remand a case if it might instead dismiss it based upon "abstention principles." 517 U.S. at 730-31.

Considering *Thermtron* together with *Carnegie-Mellon* and *Quackenbush*, we conclude the district court lacked the power to remand this case. The district court relied neither on a ground specified in § 1447 nor on any ground upon which it might instead have dismissed the case. Rather, the district court remanded the case simply because Barksdale's counsel said Superior Court would be a more congenial forum for him, much as the district court in *Thermtron* had remanded that case merely "because the district court consider[ed] itself too busy to try it." 423 U.S. at 344. Hence, we hold the district court erred in remanding Barksdale's case to Superior Court.

### III. Conclusion

In sum, we have jurisdiction to hear this appeal of the district court's remand order pursuant to 28 U.S.C. § 1291 and the collateral order doctrine; nothing in 28 U.S.C. § 1447(d), as interpreted in *Thermtron*, bars our review; and the district court lacks the power to remand a case for the convenience of counsel. Accordingly, we reverse the order of remand and return this case to the district court for further proceedings.

*So ordered.*