IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAEVON BARKSDALE, a minor, by his )
father and next friend, Leonard Parker )
)
        Plaintiff, )
v. ) Case No. 1:06-CV-01059 (RJL)
) Status Conf.: 4/22/08 @ 2:30 p.m.
WASHINGTON METROPOLITAN )
AREA TRANSIT AUTHORITY, )
)
        Defendant. )

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter telephonically communicated on March 31, 2008, and submit this report regarding the issues discussed at their LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is attached.

### I.  STATEMENT OF THE CASE

This is a common-law personal injury negligence action. Plaintiff claims that on June 16, 2000 Defendant WMATA permitted "a large accumulation of rain water or liquid substance to remain on the station floor immediately in front of the escalator" at the Minnesota Avenue Metro which caused the minor plaintiff, then 3 years old, to slip and fall on the moving escalator and seriously and permanently injure his right hand and fingers. Plaintiff does not allege a malfunction of the escalator. Defendant denies it or it's employees were negligent and that any accumulation of rain water or other substance accumulated immediately in front of the escalator. Defendant further disputes the extent and nature of plaintiff's alleged injuries and damages, and deny any permanent injury as alleged.

This Court exercises original jurisdiction over this matter pursuant to D.C. Code § 9-1107.01, section 81 and 28 U.S.C. 1446. This matter was removed to this Court from the District of Columbia Superior Court on June 8, 2006. On October 11, 2006 the Court, over WMATA's objection, remanded the case back to the Superior Court. WMATA appealed. On January 18, 2008 the Court of Appeals for the District of Columbia Circuit reversed and remanded the case back to the District Court. The Court of Appeals' mandate issued on February 27, 2008.

II.     **RULE 16.3 REPORT**

1.      <u>Status of Dispositive Motions</u>. There is no pending dispositive motions. The parties do not believe that this personal injury action is likely to be resolved by dispositive motion following discovery.

2.      <u>Amended Pleadings</u>: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3.      <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4.      <u>Settlement Possibility</u>: The parties believe that mediation may prove beneficial in settlement of this matter; however, the parties believes that mediation should be conducted only after completion of all discovery.

5.      <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may be beneficial in this matter; however, the parties believe that mediation will only be fruitful after completion of all discovery.

6.  <u>Dispositive Motions</u>: The parties believe that any dispositive motions should be filed within 45 days after close of discovery, and that any oppositions and replies should be filed in accordance with LCvR 7 (b) and (d).

7.  <u>Initial Disclosures</u>: The parties agree to waive initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8.  <u>Discovery</u>. The parties request 150 days for completion of discovery. The parties request the limits of 25 interrogatories and 10 depositions per side as set forth in the Federal Rules 30 and 33.

9.  <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified. Plaintiff agrees to name his experts and provide the Expert Report(s) within sixty (60) days following the initial scheduling conference, or by June 20, 2008, and the Defendant agrees to name its experts and provide the Expert Report(s) sixty-days (60) days thereafter, or by August 20, 2008.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: At this time, the parties do not believe that bifurcation of this matter is necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties believe that the pretrial conference should not be scheduled until completion of discovery and any court ordered mediation.

13. <u>Trial Date</u>: The parties believe that a trial date should not be scheduled until after completion of discovery, and after completion of any court ordered mediation.

Respectfully submitted,

_____/s/_____
**Hubert M. Schlosberg, #28290**
**2000 Massachusetts Ave., N.W.**
**Third Floor**
**Washington, D.C. 20036**
**(202) 483-3500**
**Counsel for Plaintiff Daevon Barksdale**

_____/s/_____
**Fredric H. Schuster, Esq., # 385326**
**Washington Metro Area Transit Authority**
**600 Fifth Street, N.W.**
**Washington, D.C. 20001**
**(202) 962-2560**
**Counsel for Defendant WMATA**